

**366 NORTH BROADWAY**
**SUITE 410**
**JERICHO, NY  11753**

**TELEPHONE**
**(888) 572-0861**

**445 BROAD HOLLOW ROAD**
**SUITE 25**
**MELVILLE, NY  11747**

**FACSIMILE**
**(516) 942-4385**

December 21, 2016

**By ECF**
Hon. Ronnie Abrams
United States District Court
40 Foley Square
New York, NY 10007

**Re:**   **McFarlane v. First Unum Life Insurance Company, 16-cv-7806 (RA)**

Dear Judge Abrams:

I write on behalf of Plaintiff in the above referenced action to request an informal conference to discuss documents that Defendant First Unum Life Insurance Company ("Unum") asserts are privileged.

Plaintiff commenced this action on October 6, 2016, by filing a Complaint.  Unum served a privilege log, a copy of which is attached, that identified documents withheld or redacted as privileged.  Plaintiff does not challenge the two documents dated October 14, 2016 and October 17, 2016, which Unum asserts are attorney–client privileged communications.  Plaintiff does challenge the six documents dated between July 15, 2015 and August 29, 2016, which Unum asserts are attorney- client consultations (the "Documents").  Plaintiff's believes that the Documents cannot be withheld or redacted because even if they involved communications between client and attorney they are subject to the fiduciary exception to the attorney-client privilege.

I discussed the matter with Patrick Begos, Unum's counsel.  Among other things, I suggested that Unum agree to submit the Documents voluntarily for the Court's in camera review.  Mr. Begos declined the suggestion.

This issue of a disability insurance company asserting privilege in an ERISA action is a fairly common one.  As an initial matter, it is unclear if the Documents actually qualify as privileged because "Under federal common law, '[t]he fact that a document is sent or received between attorney and client does not make it privileged unless it contains confidential

communications relating to legal advice.'"  *Asuncion v. Met Life,* 493 F.Supp.2d 716, 720 (S.D.N.Y. 2007).  Unum has the burden of proving that the Documents are privileged.  *Id.*  Based on the very limited information provided by the privilege log it is impossible for Unum to carry its burden of proving the log documents are privileged, and thus submission for review is appropriate.

Even if the Documents are privileged, Unum should still be required to disclose them because, as Judge Lynch, now on the Second Circuit, explained in *Black v. Bowes,* 2006 WL 3771097, at *1-2 (S.D.N.Y. 2006):

> In the ERISA context, however, there is a "fiduciary exception" to the attorney-client privilege.  In matters of plan administration, such as determinations regarding whether to grant or deny benefits, employers and plan employers are fiduciaries under ERISA, *see* 29 U.S.C. § 1002(21), and as such have "an obligation to provide full and accurate information to the plan beneficiaries regarding the administration of the plan." *In re Long Island Lighting Co.,* 129 F.3d 268, 271-272 (2d Cir.1997).  This obligation includes a duty to make "available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan." *Id.*  In other words, "an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *Id.*

> Some courts see this doctrine not as a true exception to the attorney-client privilege, but as an extension of the privilege to the beneficiary, who by virtue of the administrator's fiduciary duty is the true client of the attorney providing the advice. "Put another way, the attorneys are considered to be working for the fund and its beneficiaries and not for the fiduciary/administrator." *Helt v. Metro. Dist. Com'n,* 113 F.R.D. 7, 9 (D.Conn.1986).  Other courts see it as a true exception to the attorney-client privilege, arising from the duty to disclose information concerning plan administration to plan beneficiaries. *See United States v.. Mett,* 178 F.3d 1058, 1063 (9th Cir.1999) ("Viewed in this light, the fiduciary exception can be understood as an instance of the attorney-client privilege giving way in the face of a competing legal principle.").

Judge Lynch added that it would be "inappropriate to hold that the mere prospect of litigation renders communications between fiduciaries and counsel privileged, because the prospect of litigation is always present in decisions about whether to grant or deny benefits."  *Black,* 2006 WL 3771097, at *3.

In *Asuncion,* 493 F.Supp.2d at 720-721, the court noted that the answer to whether communications between an insurance company and its attorneys are privileged is "whether the communication was made before or after the final decision to deny benefits."  As examples, *Asuncion* cited "*Coffman v. Metro. Life Ins.,* 204 F.R.D. 296, 299 (S.D.W.Va.2001) (finding that all but one document was subject to fiduciary exception as these documents were, *inter alia,* "created before the final denial of benefits by MetLife"); *Geissal v. Moore Med. Corp.,* 192 F.R.D. 620, 625–26 (E.D.Mo.2000) (holding that pre-decisional legal opinion and advice were not privileged, whereas post-decisional legal advice was privileged)."  As noted above, the Documents were made before Plaintiff filed suit and before Unum's final decision deemed denied on October 5, 2016.

It makes no difference if Unum anticipated possible litigation here.  In *Asuncion,* 493 F.Supp.2d at 722, Met Life argued that because the plaintiff had sued for benefits previously, there was an increased likelihood that she would sue again if her benefits were not restored.  The court rejected that argument because it said that:

> the mere fact that "an adversarial relationship existed as a general matter" as the result of the prior suit does not mean that Met Life was no longer required to act as a fiduciary with respect to any subsequently-presented benefits claim. *Black,* 2006 WL 3771097, at *4. **The "mere prospect of litigation" is not enough to "render communications between fiduciaries and counsel privileged, because the prospect of litigation is always present in decisions about whether to grant or deny benefits."** *Id.* at *3; *see also Anderson v. Sotheby's Inc. Severance Plan,* No. 04 Civ. 8180(SAS)(DFE), 2005 U.S. Dist. LEXIS 9033, at *30 (S.D.N.Y. May 13, 2005) (noting that "[e]ven if a defendant were to claim that he created the withheld documents in anticipation of litigation, the fiduciary exception may still apply").(Emphasis added).

*Asuncion* and *Black* demonstrate that Unum should be compelled to produce the Documents.

There is no basis to stay any discovery ruling pending Unum's motion to dismiss.  Unum is arguing that Plaintiff failed to exhaust her administrative remedies because Unum did not receive information from Dr. Robert Villanella, even though insisting that third parties provide Unum with information unduly inhibited and hampered the processing of Plaintiff's claim for benefits in violation of 29 C.F.R. 2560.503-1(b)(3).  As noted under the new regulations published on December 19, 2016, there was no "ongoing, good faith exchange of information between the plan and the **claimant**."  29 C.F.R. 2560.503-1(l)(2).[1]  (Emphasis added).  Accordingly, Plaintiff respectfully requests that the Court issue a ruling regarding Unum's disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i).

Thank you for your attention to this matter.

Very truly yours,
**LAW OFFICES OF JEFFREY DELOTT**

By: _____

Jeffrey Delott, Esq.

**Email:  jeffdelott@iwantmydisability.com**
**Web Site:  iwantmydisability.com**
**Blog:  disabilitylawyerblog.com**

---

[1] https://www.gpo.gov/fdsys/pkg/FR-2016-12-19/html/2016-30070.htm.  Notably, the new regulations also clarify that review of a deemed denied claim is without discretion.  https://www.dol.gov/sites/default/files/ebsa/about-ebsa/our-activities/resource-center/fact-sheets/final-rule-strengthens-consumer-protections-for-workers-requesting-disability-benefits-from-erisa-employee-benefit-plans_0.pdf.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
:
CHERYLLE MCFARLANE,                          :      Case 1:16-cv-7806-RA
:
        Plaintiff,                         :
:
-- against --                                :
:
FIRST UNUM LIFE INSURANCE COMPANY,           :
:
        Defendant.                         :
:
----------------------------------------------------------------------x

## PRIVILEGE LOG

### DOCUMENTS WITHHELD OR REDACTED

| BATES # | DATE | DESCRIPTION | PRIVILEGE |
|---------|------|-------------|-----------|
| FUL-CL-LTD-001328-1329 | 7/15/16 and 7/19/16 | Claim document – Attorney-Client Consultation | Attorney-client privilege and/or work product |
| FUL-CL-LTD-001348 | 7/30/16 and 8/1/16 | Claim document – Attorney-Client Consultation | Attorney-client privilege and/or work product |
| FUL-CL-LTD-001417 | 8/26/16 and 8/29/16 | Claim document – Attorney-Client Consultation | Attorney-client privilege and/or work product |
| FUL-CL-LTD-001453 | 10/14/16 | Claim document – Attorney-Client Privileged Communication | Attorney-client privilege and/or work product |
| FUL-CL-LTD-001456 | 10/17/16 | Claim document – Attorney-Client Privileged Communication | Attorney-client privilege and/or work product |

Dated: December 21, 2016

BEGOS BROWN & GREEN LLP
By: S/ Patrick W. Begos
Attorneys for Defendant
2425 Post Road
Southport, CT 06890
(203) 254-1900