# LAW OFFICES OF JEFFREY DELOTT

| | |
|---|---|
| **366 NORTH BROADWAY** | **445 BROAD HOLLOW ROAD** |
| **SUITE 410** | **SUITE 25** |
| **JERICHO, NY  11753** | **MELVILLE, NY  11747** |
| | |
| **TELEPHONE** | **FACSIMILE** |
| (888) 572-0861 | (516) 942-4385 |

January 11, 2017

Honorable Ronnie Abrams
U.S. District Court Southern District of New York
40 Foley Square
Room 2203
New York, NY 10007

Re:  <u>McFarlane v. First Unum Life Insurance Company, Case No. 1:16-cv-7806 (RA)</u>

Dear Judge Abrams:

  I represent Plaintiff, Cherylle McFarlane, in the above captioned action.  Defendant, First Unum Life Insurance Company ("Unum") filed a motion to dismiss on November 1, 2016.  Plaintiff's memorandum of law in opposition to the motion to dismiss was filed December 15, 2016.  I write to request the Court to allow Plaintiff to supplement her opposition to Unum's motion to comment on a previously unavailable document.

  Unum refused to provide the claim file before December 15, 2016, on the grounds that it was exempt from having to comply with Fed.R.Civ.P. 26(a).  By Order dated December 16, 2016, the Court rejected Unum's position, and compelled Unum to serve its initial disclosures by December 22, 2016.  The claim file contains a document that was never provided to Plaintiff before December 15, 2016, which is relevant to the motion to dismiss.  That document was attached to the Begos Declaration, and discussed in Unum's memorandum of law, but was not provided to Plaintiff until December 22, 2016.

  As set forth in greater detail in Plaintiff's opposition brief, including pages 8-9, Unum argued that it was entitled to toll the time for it to decide Plaintiff's appeal indefinitely because Unum did not receive information from a third party, Dr. Robert Villanela, who is one of Plaintiff's treating doctors.  The plain language of 29 C.F.R. § 2560.503-1(i)(4) precludes Unum's argument, that its request to Dr. Villanella tolled its time to determine Plaintiff's appeal, because tolling can only occur "due to a claimant's failure to submit information."

  The document at issue is from the claim file and Begos Declaration, which Unum Bates stamped FUL-CL-LTD-001422 ("1422").  A Unum employee named Katie Doherty prepared 1422, and it shows that Plaintiff did not, and could not, fail to submit information.

      Doherty wrote that she had to ask Dr. Villanella for the "RTD," that is, the raw test data, because she knew it "would not be released to the "atty," referring to Plaintiff's attorney.  Thus, 1422 proves that Unum knew the RTD could only be sought from Dr. Villanella; and therefore, no tolling could occur because it shows that Plaintiff could not possibly fail to submit the information.

      1422 also shows that Unum misstated the facts.  On page 4 of Unum's moving brief, Unum claimed that on September 20, 2016, Rosalie from Dr. Villanella's office told Unum that Plaintiff told Dr. Villanella not to provide the records to Unum because Plaintiff's attorney had it.  If Unum was told that Plaintiff's attorney had the RTD, then Unum would have sent Plaintiff's attorney a letter for it, but Unum never did.  The truth is that Unum was told that Plaintiff's attorney had Dr. Villanella's report, and not RTD.  That is why Doherty wrote "that Rosalie had told me to contact EE's atty (Plaintiff's attorney) for a copy of the report however I have a copy of the report and my request is for the RTD which would not be released to the atty."

      Thank you for your attention to this matter.

                            Very truly yours,
                            **LAW OFFICES OF JEFFREY DELOTT**

By: _____
       Jeffrey Delott, Esq.

Email:  jeffdelott@iwantmydisability.com
Web Site:  iwantmydisability.com
Blog:  disabilitylawyerblog.com