LAW OFFICES OF
# JD JEFFREY DELOTT

| | |
|---|---|
| **366 NORTH BROADWAY**<br>**SUITE 410**<br>**JERICHO, NY  11753** | **445 BROAD HOLLOW ROAD**<br>**SUITE 25**<br>**MELVILLE, NY  11747** |
| **TELEPHONE**<br>**(888) 572–0861** | **FACSIMILE**<br>**(516) 942–4385** |

January 18, 2017

**By ECF**
Hon. Katharine H. Parker
United States District Court
500 Pearl Street, Room 1950
New York, NY 10007

Re:     **McFarlane v. First Unum Life Insurance Company, 16-cv-7806 (RA)(KHP)**

Dear Magistrate Judge Parker:

I represent that Plaintiff in the above referenced action.  By order dated January 13, 2017, you scheduled a conference for next Monday, January 23, 2017, at 10:30 a.m., to address the two discovery issues raised concerning the initial responses, which Judge Abrams ordered Defendant First Unum Life Insurance Company ("Unum") to provide on December 16, 2016.  I request that the conference also address Unum's responses to Plaintiff's interrogatories and document requests, as those disputes remain unresolved despite the parties' conferring about them.

Plaintiff served 14 interrogatories and 20 document requests on Unum by email on December 15, 2016, and a copy of each is attached as Exhibit A.  Unum emailed its responses on January 16, 2017, and a copy of each is attached as Exhibit B.  In accordance with your individual rules and the local rules, I discussed Unum's responses with Patrick Begos, Unum's attorney, this morning.  In an additional attempt to try to resolve the matter, I emailed letters to Mr. Begos, which further explained Plaintiff's position regarding the disputed interrogatory and document requests.  Copies of the January 18, 2017 letters are attached as Exhibit C.  All efforts to obtain a resolution were unsuccessful.

 The specific issues concerning the interrogatories and documents requests are delineated in the Exhibit C letters.  The crux of the disputes concern Unum's refusal to disclose the basis for its decision to terminate Plaintiff's long term disability ("LTD") benefits, and Unum's refusal to provide discovery regarding its conflict of interest.

On December 15, 2014, Unum's Adam Peters approved Plaintiff's LTD benefits after determining that she had been "unable to perform the material and substantial duties of [her] occupation as an Assistant Nursing Director of Care Management [since May 5, 2014], due to

the symptoms related to [her] medical conditions of chronic fatigue syndrome and fibromyalgia." On January 14, 2016, Adam Peters terminated Plaintiff's LTD benefits after determining that she was "able to perform the duties of [her] occupation." There are two possibilities to justify Unum terminating Plaintiff's LTD benefits. Either Unum obtained documents that showed Plaintiff's medical condition improved, or after Unum approved Plaintiff's benefits, it obtained documents that showed Unum made a mistake because Plaintiff was never disabled. Unum refused to answer any interrogatory or document request that asked Unum to identify the documents that showed a change, let alone an improvement, in Plaintiff's condition, or medical exam or medical. Unum also refused to answer any interrogatory or document request that asked Unum to identify the documents that Unum obtained after December 15, 2014, that showed Plaintiff was never disabled. Unum should not be allowed to conceal its position prior to summary judgment, which would defeat the very purpose of discovery.

By letter dated December 9, 2016 to Judge Abrams, Unum averred that it "intends to move for summary judgment." Docket No. 17. Summary judgment contemplates discovery, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A). Unum seeks to "frustrate a core purpose of discovery —namely to enable parties to "obtain the factual information needed to prepare for trial." *Lightsquared Inc. v, Deere & Co.*, 2015 WL 8675377, at *4 (S.D.N.Y. Sept. 10, 2015) citing *Gary Plastic Packaging v. Merrill, Lynch*, 756 F.2d 230, 236 (2d Cir. 1985):

> Discovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2001 (1970). Rules governing discovery should be interpreted broadly to achieve those purposes. *See, e.g., Schlesinger Investment Partnership v. Fluor Corp.,* 671 F.2d 739, 742 (2d Cir.1982) ("The federal rules evince a liberal policy with regard to discovery in order to allow litigants to secure helpful evidence from the hands of their adversaries").

Unum's attempt to leave Plaintiff guessing as to the specific evidence and reason that Unum will argue supported its decision to terminate Plaintiff's LTD benefits should not be condoned.

The other major area where Unum refused to produce responsive answers to Plaintiff's interrogatories and document requests concerned Unum's conflict of interest. Unum contends that an abuse of discretion standard of review should apply, and therefore, the District Court must consider Unum's conflict of interest as a factor in determining whether it abused its discretion when it terminated Plaintiff's LTD benefits. *MetLife v. Glenn,* 554 U.S. 105, 108 (2008). As discussed in the Exhibit C letters, Unum has refused to comply with discovery requests concerning its conflict of interest. Perhaps the clearest example of Unum's refusal to comply with its disclosure obligations in the conflict of interest context concerns Plaintiff's individual disability claim, which was also with First Unum.

First Unum issued individual disability policy no. 3352830080, also identified as 3 3528-300 80, to Plaintiff (the "DI"). As the DI was not subject to ERISA, it could not be subject to an arbitrary and capricious standard of review. Because First Unum knew that it could not hide behind a deferential standard of review, it found Plaintiff disabled under the DI from May 5, 2014 through May 31, 2016, which represented the maximum period of benefits available under the DI.

The only difference between Plaintiff's claim under its group disability insurance and its individual disability insurance is that Unum believes, albeit incorrectly, that an arbitrary and capricious standard of review will apply to the former.  It is virtually impossible to contemplate stronger evidence of a decision being influenced by a financial conflict of interest.  In other words, First Unum knows that its decision to terminate Plaintiff's LTD benefits is wrong, but hopes to persuade the District Court to apply a deferential standard of review in order to argue that while wrong, its termination decision was reasonable and supported by substantial evidence.

Concrete proof that Unum's termination was unreasonable is its recognizing that its decision was wrong, yet terminating Plaintiff's LTD benefits anyway.  Proof that Unum knew its decision to terminate LTD benefits was wrong, is that it approved Plaintiff's DI benefits through May 31, 2016, which was the maximum benefit possible under the DI.  Unum knows that if it provides evidence that it knew Plaintiff was disabled in connection with its DI, then it shows that Unum's decision to terminate Plaintiff's LTD benefits cannot be sustained under a deferential standard of review, let *de novo* review.

Plaintiff's interrogatory nos. 11, 12, and 13, and document request nos. 19 and 20, asked First Unum to identify and provide documents relating to the DI.  See Exhibit B.  Unum's response was that First Unum did not issue policy no. 3 3528-300 80.  Consistent with its historical bad faith claims handling practices, Unum's response is undeniably false.

Attached as Exhibit D is Policy Number 3 3528-300 80.  The top of the DI cover page bears the number 3352830080.  Directly below that number in large bold block type is "First UNUM Life Insurance Company, Tarrytown, New York 10591."  Each even numbered page of the DI also bears the number 3352830080 at its top.  The third page of the DI is the Policy Schedule.  The top right of that Schedule is identified as "POLICY NUMBER 3 3528-300 80."  The final page of the DI Policy is the Plaintiff's application.  The top of the application states "APPLICATION TO: First Unum Life Insurance Company, Tarrytown, New York 10591."

Attached as Exhibit E is a letter that First Unum sent Plaintiff on or about May 31, 2016.  The top right of the letter identifies itself with the words "First Unum Life Insurance Company" in isolation.  The letter is signed by the Claims Department of "First Unum Life Insurance Company."  The letter advised Plaintiff that First Unum the maximum possible under DI policy 3352830080.

Despite the undeniable documentary proof that First Unum issued DI policy no. 3352830080, Unum refused even to admit that it issued it!  Attached as Exhibit F is the page from Unum's response to Plaintiff's requests to admit containing the relevant admission response.  See request number 37.  For the reasons stated herein, Plaintiff asks that the conference also address Unum's responses to Plaintiff's interrogatories and document requests.

Respectfully submitted,
LAW OFFICES OF JEFFREY DELOTT

By:   _____
Jeffrey Delott, Esq.

**Email:  jeffdelott@iwantmydisability.com**
**Web Site:  iwantmydisability.com**
**Blog:  disabilitylawyerblog.com**

3