USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYLLE MCFARLANE,

                Plaintiff,

– against –

FIRST UNUM LIFE INSURANCE COMPANY,

                Defendant.

**OPINION AND ORDER**

1:16-cv-07806-RA-KHP

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      In a letter dated January 17, 2017 (Docket No. 29), Plaintiff's counsel has requested that this action be reassigned to Chief Magistrate Judge Debra Freeman for general pre-trial purposes and settlement (see Docket No. 24) on the ground that the undersigned's "impartiality might reasonably be questioned" because the undersigned previously represented Defendant First Unum Life Insurance Company ("First Unum") and/or because Proskauer Rose LLP, the law firm with which I was previously a member, has represented First Unum. Plaintiff's counsel concedes that he "is certainly not asserting that there is definitive evidence that [the undersigned's] honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired," but contends that he is obligated under Rule 1.1(c) of the New York State Rules of Professional Conduct to ask "whether a reasonable mind would find at least an appearance of impropriety."

      It is unclear why Plaintiff's counsel contends he is required to inquire about recusal pursuant to Rule 1.1(c) of the New York State Rules of Professional Conduct. That rule provides in relevant part, "lawyer[s] shall not intentionally: (1) fail to seek the objectives of the client

through reasonably available means permitted by law and these Rules; or (2) prejudice or damage the client during the course of the representation except as permitted or required by these Rules." Rule 1.1(c) concerns a lawyer's personal conduct vis-à-vis her client. Plaintiff's counsel cites no case law or ethics opinion in support of his interpretation of Rule 1.1(c).

In any event, this Court construes Plaintiff's letter as a motion pursuant to Sections 144 and 455 of the Judicial Code. 28 U.S.C. §§ 144, 455. Section 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. §§ 144. Plaintiff's counsel has failed to comply with the strict procedural and substantive requirements of Section 144. He has failed to submit an affidavit, signed personally by the Plaintiff, accompanied by a certificate of counsel stating that the affidavit is filed in good faith. He also has failed to articulate a factual basis for asserting that the undersigned has a personal bias or prejudice for or against a party. *See* 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3542 (3d ed.); *see also, e.g.*, *Jackson v. Scotts Co.*, No. 08-cv-1064 (LAK), 2009 WL 321010, at *7 (S.D.N.Y. Feb. 10, 2009), *aff'd*, 356 F. App'x 513 (2d Cir. 2009); *United States v. Occhipinti*, 851 F. Supp. 523, 525 (S.D.N.Y. 1993); *United States v. Johnpoll*, 748 F. Supp. 86, 88 (S.D.N.Y. 1990), *aff'd*, 932 F.2d 956 (2d Cir. 1991). Thus, to the extent he seeks recusal pursuant to Section 144, his motion is denied.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Section 455(b) provides in relevant part: "(b) [S]he shall also disqualify

[her]self in the following circumstances: . . . (2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter . . . ." The Second Circuit has explicitly recognized that the "prior representation of a party by a judge or [her] firm with regard to a matter unrelated to litigation before [her] does not automatically require recusal." *Nat'l Auto Brokers Cor. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978). Only where a judge's impartiality might reasonably be questioned would recusal be required, and mere prior representation of a party in a totally unrelated matter does not mandate recusal under the rule or necessarily create an appearance of impartiality. *See Liteky v. United States*, 510 U.S. 540 (1994); *Jackson*, 2009 WL 321010 at *8.

      Plaintiff's counsel cited to two published opinions from 2010, more than six years ago, where he contends the undersigned appeared to have represented First Unum. Plaintiff's counsel is incorrect. Neither the undersigned nor Proskauer Rose LLP represented First Unum in either case. Indeed, First Unum was not involved as a party in one of the cases cited by Plaintiff's counsel. Furthermore, Proskauer Rose LLP does not represent First Unum in any matter currently pending within the Southern District of New York that existed when the undersigned was affiliated with Proskauer Rose LLP. Regardless, Section 455(b) requires recusal only in situations when the judge or one of his former colleagues served as a lawyer *in or concerning the matter before this Court*. Neither the undersigned nor Proskauer Rose LLP represented First Unum in connection with the matter before this Court. *See Faulkner v. Nat'l Geographic Soc.,* 296 F. Supp. 2d 488, 491 (S.D.N.Y. 2003) (denying motion for recusal under Section 455 and recognizing that prior representation of a party affiliate in a trademark

litigation did not concern the same matter at issue in the copyright case before the court); *see also Schurz Commc'ns, Inc. v. FCC*, 982 F.2d 1057, 1059-61 (7th Cir. 1992); *Weisshaus v. New York*, No. 08-cv-4053 (DLC), 2009 WL 4823932, at *5 (S.D.N.Y. 2009); *Lipin v. Bergquist,* 574 F. Supp. 2d 423, 427 (S.D.N.Y. 2008); *Lipin v. Hunt*, 573 F. Supp. 2d 830, 834 (S.D.N.Y. 2008).  Thus, even if the undersigned represented First Unum in a matter while in private practice, and even if Proskauer Rose LLP represented or represents First Unum in some capacity,[1] no reasonable or objective person could deem such past or current representation to concern the instant matter before the Court.  Therefore, recusal pursuant to Section 455(b) is unwarranted.

It is well-established that "[t]here is as much obligation upon a judge not to recuse [herself] when there is no occasion as there is for [her] to do so when there is." *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966) (internal quotations omitted).  "In making its determination, a court must remember that where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 75 (S.D.N.Y. 2001) (internal quotations omitted).  No reasonable person fully informed of the facts could reasonably question this Court's impartiality in this matter.  Plaintiff's counsel has shown no personal bias or prejudice concerning a party, and no aspect of the undersigned's previous affiliation with Proskauer Rose LLP or representation of First Unum in a wholly unrelated matter sometime in the unspecified past

---

[1] Proskauer Rose LLP is an international law firm with more than 700 lawyers active in multiple offices across the globe.  The undersigned does not have knowledge of the myriad matters and clients of Proskauer Rose LLP and no specific recollection of any matters or facts regarding First Unum from my time at Proskauer Rose LLP.

would justify recusal.  Thus, recusal under Section 455(a) is unwarranted as well.  Accordingly, Plaintiff's application is DENIED.

SO ORDERED.

Date:   January 20, 2017
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge