USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYLLE MCFARLANE,

                Plaintiff,

v.

FIRST UNUM LIFE INSURANCE COMPANY,

                Defendant.

No. 16-CV-7806 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiff Cherylle McFarlane filed this action against Defendant First Unum Life Insurance Company for claims related to its termination of her disability benefits. Dkt. 1. On December 18, 2018,[1] Defendant notified the Court that it had effectively settled with Plaintiff, Dkt. 131, and the Court adjourned the scheduled trial *sine die* as a result, Dkt. 134. On January 11, 2019, Plaintiff filed a motion for attorney's fees, Dkt. 137, which the Court granted in part on September 5, 2019, Dkt. 159; *see also* Dkt. 163 (Sept. 5, 2019 Tr. or "Tr."). Specifically, the Court awarded Plaintiff (1) $327,600 in attorney's fees, (2) $2,340 in paralegal fees, (3) $4,481.47 in costs, and (4) $7,120.58 in prejudgment interest. *See* Dkt 159.[2] In doing so, the Court concluded that $600 is a reasonable hourly rate for Plaintiff's attorney, Jeffrey Delott. Now before the Court is Plaintiff's motion for reconsideration as to the award of $327,600 in attorney's fees, and in particular, as to

---

[1] The letter filed by Defendant on December 18, 2018 seems to be inadvertently dated November 18, 2017. *See* Dkt. 131.
[2] The calculations for these amounts are set forth in Dkt. 159.

1

the reasonable hourly rate of $600.³ For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and procedural history of this action as set forth in its prior opinions. *See, e.g.*, Dkt. 84.

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). To prevail on a motion for reconsideration, the movant must identify "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Compunnel Software Grp., Inc. v. Gupta*, No. 14-CV-4790 (RA), 2019 WL 2174085, at *2 (S.D.N.Y. May 20, 2019) (quoting *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).

---

³ Plaintiff filed a letter motion on September 16, 2019, "ask[ing] the Court to reconsider that part of the order, entered on September 5, 2019, which reduced the requested hourly rate for attorney fees . . . to $600," Dkt. 160, which the Court construed as a motion for reconsideration, *see* Dkt. 165. Defendant filed a response to Plaintiff's letter motion on October 2, 2019, Dkt. 166, and Plaintiff filed a reply that same day, Dkt. 167.

Here, Plaintiff does not actually assert any "intervening change in controlling law," new evidence, or "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255. Rather, Plaintiff contends that the Court "overlooked controlling law and material facts when it rejected $700 an hour as the prevailing rate for an attorney in this District prosecuting a disability benefit appeal under ERISA." Pl. Ltr., Dkt. 160, at 1. Specifically, Plaintiff asserts that the Court "overlooked" certain cases, such as *Blum v. Stenson*, 465 U.S. 886 (1984), as well as certain facts from other cases cited in the Court's ruling, such as *Dimopoulou v. First Unum Life Ins. Co.*, No. 13-cv-7159 (ALC), 2017 WL 464430 (S.D.N.Y. Feb. 3, 2017) and *Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Mfrs. Inc.*, No. 13 Civ. 7741 (PAE), 2015 WL 4935116 (S.D.N.Y. Aug. 18, 2015). *See id.* Plaintiff also argues that the Court improperly "equated 35 years of experience with that of 20-25 years," "overlooked" case law that approved higher fees for attorneys with 20-25 years of experience, and "overlooked" the fact that "prevailing rates have increased" over the past 3.5 years. *Id.* at 3. Plaintiff thus urges the Court to revisit its finding that $600 is a reasonable hourly rate, and to instead conclude that $700 is the proper hourly rate for this case.[4]

As an initial matter, the Court expressly referenced *Blum* in its bench ruling, *see* Tr. at 12, and in no way "overlooked" that case.[5] Similarly, the Court did not "overlook[] the rate that was approved [in *Dimopoulou*] for attorneys with 20-25 years experience, and the amount of time that elapsed since that rate was approved." Pl. Ltr. at 1. Nor did the Court "overlook[] the passage of time" or "that Mr. Delott has been practicing law for 35 years." *Id.* at 2. To the contrary, the

---

[4] Although Plaintiff argues that $700 is the reasonable hourly rate, the Court notes that as of December 2018, Mr. Delott's hourly rate was $600, *see* Dkt. 132, and that when Plaintiff first filed her motion for attorney's fees in January 2019, his hourly rate was $675, *see* Dkt. 138 at 6, 19, 21.
[5] *Blum* held that the reasonable rate is to be "calculated according to the prevailing market rates in the relevant community," 465 U.S. at 895, which is precisely what the Court did in its initial ruling, *see* Tr. at 12.

Court specifically noted that "Mr. Delott graduated law school in 1984 and has 35 years of litigation experience," Tr. at 12, and that he "has over 30 years of experience," *id.* at 13. Despite these facts, however, the Court concluded that $600 was a reasonable hourly rate given that "other courts in this district have awarded rates lower than $600 per hour in ERISA actions to partners with comparable experience" and "Mr. Delott was awarded an hourly rate of $450 in this district a decade ago," and in light of "the additional factors from *Arbor Hill*."[6] Tr. at 13. Indeed, as Defendant points out, the number of years that an attorney has been practicing is only one of the twelve factors that courts consider when determining the reasonable hourly rate. *See Arbor Hill*, 522 F.3d at 186 n.3.

As to *Sheet Metal Workers*, Plaintiff's suggestion that the Court somehow "overlooked" the law because that case "had nothing to do with an individual seeking disability benefits" and therefore "did not involve similar legal services," Pl. Ltr. at 1, is unavailing. Plaintiff maintains that because *Sheet Metal Workers* "was decided over four years ago, it has absolutely nothing to do with an appeal of disability benefits under ERISA, and as a result, the Order overlook[ed] controlling law and material facts." *Id.* at 3. The Court disagrees, particularly since *Sheet Metal Workers*—a case brought under ERISA like the present one—is but one example of "similar cases" that the Court properly considered. *See Arbor Hill*, 522 F.3d at 186 n.3 (noting that "awards in

---

[6] "In evaluating the reasonableness of the hourly rate, the Second Circuit has urged district courts to keep in mind the twelve *Johnson* factors." *Williams v. City of New York*, No. 16-CV-233 (JPO), 2017 WL 1906899, at *1 (S.D.N.Y. May 9, 2017) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). These factors, set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3 (quoting *Johnson*, 488 F.2d at 717-19). The Court's express reference to the "factors from *Arbor Hill*," Tr. at 13, was a reference to these factors, initially set forth in *Johnson*.

similar cases" is one of the twelve *Johnson* factors). The Court's citation to *Sheet Metal Workers* simply does not support Plaintiff's contention that the Court "overlooked controlling law and material facts." Moreover, "attempts to distinguish the cases relied on in the Court's Order, or claims that those cases are 'wrongly decided' or 'of recent vintage[]'. . . may be the basis for an appeal, but . . . are an entirely inappropriate basis for a motion to reconsider." *Allied Mar., Inc. v. Rice Corp.*, 361 F. Supp. 2d 148, 150 (S.D.N.Y. 2004).

For the reasons explained at the September 5, 2019 conference, an hourly rate of $600 is reasonable here. Indeed, courts in this district often award hourly rates around $600, or less, in ERISA cases for attorneys with comparable levels of experience. *See, e.g.*, *Montefiore Med. Ctr. v. Local 272 Welfare Fund*, Nos. 09-CV-3096, 14-CV-10229 (RA) (SN), 2019 WL 4565099, at *6 (S.D.N.Y. Sept. 19, 2019) (approving discounted hourly rate between $383 and $505 for lead partner with 34 years of experience; discounted rate between $425 and $518 for partner with 31 years of experience and the firm's Co-Chair of the Litigation and Arbitration Group; and discounted rate of between $374 and $484 for partner with 33 years of experience); *Doe v. Unum Life Ins. Co. of Am.*, No. 12 Civ. 9327 (LAK) (AJP), 2016 WL 335867, at *5 (S.D.N.Y. Jan. 28, 2016), *report and recommendation adopted,* 2016 WL 749886 (S.D.N.Y. Feb. 23, 2016) (awarding hourly rate of $600 to partner with 33 years of experience, 20 of which were focused on ERISA); *Wallace v. Grp. Long Term Disability Plan for Emps. of TDAmeritrade Holding Corp.*, No. 13 Civ. 6759 (LGS), 2015 WL 4750763, at *6 (S.D.N.Y. Aug. 11, 2015) (awarding hourly rate of $450 to partner with 34 years of experience); *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 WL 1413413, at *3 (S.D.N.Y. Mar. 23, 2015) (approving hourly rate of $450 for founding partner with 40 years of experience). It appears that, rather than raise any change in controlling law, new evidence, or clear error, Plaintiff merely "does not like the way the original

motion was resolved." *Allied Mar.*, 361 F. Supp. 2d at 149. Such a view, however, does not constitute grounds for reconsideration. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Bldg. Serv. 32BJ*, 2017 WL 1283843, at *1 (a motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.") (citation omitted). Accordingly, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 160.

SO ORDERED

Dated: March 27, 2020
New York, New York

Ronnie Abrams
United States District Judge